## EL'CHONEN v TOWNSHIP OF VAN BUREN

1. ZONING—ORDINANCES—VALIDITY—MOBILE HOMES—ECONOMIC USE
—REASONABLE USE—GENERAL WELFARE—SURROUNDING USES.

A township zoning ordinance is invalid insofar as it prevents the plaintiffs from using their property as a mobile home park where under the zoning ordinance the land is almost valueless except for land speculation, the plaintiffs are being completely deprived of any economic use of their land, the use of the land for either multiple housing or for a mobile home park are the only reasonable uses to which the property may be put, the present zoning of the property bears no reasonable relationship to public health, safety, morals, or general welfare, and where the proposed use would not interfere with the uses to which surrounding land is now being put.

2. ZONING—ORDINANCES—CONSTITUTIONAL LAW—PRESUMPTIONS—
REASONABLENESS—BURDEN OF PROOF.

A zoning ordinance is presumptively constitutional; however, it must meet the test of reasonableness and the party attacking the ordinance has the burden of proving that the ordinance is unconstitutional.

3. ZONING—ORDINANCES—VALIDITY—PROOFS.

An aggrieved property owner, to sustain an attack on a zoning ordinance, must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted.

4. APPEAL AND ERROR—ZONING—ORDINANCES—DE NOVO REVIEW—
FINDINGS OF FACT.

On appeal of a judgment enjoining the enforcement of a township zoning ordinance, the Court of Appeals will view and consider the record *de novo;* however, the trial court's findings are entitled to considerable weight and they will not be disturbed

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Zoning §§ 21, 22.
[2, 3] 58 Am Jur, Zoning §§ 14 *et seq.,* 230.
[4] 58 Am Jur, Zoning § 255.
  5 Am Jur 2d, Appeal and Error § 703.

unless the Court is able to conclude that it would have arrived at a different result.

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 April 5, 1974, at Detroit. (Docket No. 17253.) Decided October 8, 1974. Leave to appeal denied, 393 Mich —.

Complaint by Louis Y. El'Chonen, David N. Cohen and M. Jacob Cohen against Van Buren Township to enjoin the enforcement of defendant's zoning ordinance. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Lambert & Fried* (by *David M. Fried* and *Gary E. Levitt),* for plaintiffs.

*Dickinson, Wright, McKean & Cudlip* (by *John K. Renke, II),* for defendant.

Before: BASHARA, P. J., and BRONSON and CARLAND,* JJ.

CARLAND, J. The land here involved is located in Van Buren Township, Wayne County, Michigan. The total acreage is approximately 100 acres. The property runs along the east side of Rawsonville Road, a paved, hardtopped road with one lane running in each direction which connects with I-94 and is one of the main north and south highways of Van Buren Township. There is a frontage of 3,000 feet on Rawsonville Road and the property is bisected by Bog Road which runs east and west.

Immediately to the west Ypsilanti Township is zoned for heavy industry and farther west lies the property of Ford Motor Company Parts Manufacturing and Storage Plant. To the north, south and east of the property is vacant or agricultural land

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

with certain acreage having residences on the front of the land. To the north there are isolated medium priced homes along Rawsonville Road and Bog Road. The Wabash Railroad runs about a mile and a half south of the property. A contemplated change in the runways of Willow Run Airport (located immediately north of the land) will result in a flight pattern over the property here involved, bringing with it problems of air and noise pollution.

As a result of the lack of sewer facilities, there is no development in the general area and no platted single family residential subdivisions in the area. There are no public sewers available to the occupants of this property and no plans for installation of public sewers by the township.

The subject land is presently zoned R-1A single family, with a minimum lot size for dwelling units of 20,000 square feet if public water and sewer are used and one acre if no public water or sewer is used. These requirements result in low density housing.

The property has been owned by plaintiffs and their families since sometime in the 1920's, during which time it has never been farmed or used for any other purpose, although attempts have been made to develop it. The land has been up for sale for the past 15 years.

Having sought advice and studied their problems, the plaintiffs decided to develop a mobile home park and in accordance with this decision applied to the township board for rezoning. The application for rezoning was denied and in 1971 the plaintiffs brought the present action, alleging the zoning ordinance of Van Buren Township, as it applied to plaintiffs' property, (1) to be confiscatory and (2) that the ordinance insofar as it restricted

the use of plaintiffs' property for mobile park purposes was unconstitutional in that it bore no reasonable relationship to the public health, safety and welfare of the township.

Plaintiffs produced proofs to the effect that the property could not be feasibly developed under the present zoning restrictions. Two expert witnesses, well-versed in land development questions, testified that the single family residential zoning restriction precluded any economically defensible use of the property. They also agreed that the best use of the subject property was consistent with the use proposed by plaintiffs: industrial or multiple family housing.

Other evidence was introduced which tended to show that the land was of little value as farm property and indeed had no value except for speculative purposes under present restrictions.

The defendant offered evidence that permissible uses of the property under present restrictions included agricultural use, playgrounds, churches, golf, schools. Upon special approval the property could be used for nursery schools, private stables and the raising of poultry.

In an opinion filed after the submission of briefs, the trial court made the following findings: (1) that under the current zoning, and as it has been for some time, the subject land is almost valueless except for land speculation. (2) It would appear to the court that plaintiffs are being completely deprived of any economic use of their land under the present zoning as it applies to such land. (3) That the proofs clearly indicate that use of such land for either multiple housing or for a mobile home park are the only reasonable uses to which the property might be put and that to continue the present zoning would constitute an unlawful depri-

vation of economic use by the plaintiffs of their land. (4) That the present zoning of the subject property bears no reasonable relationship to public health, safety, morals or general welfare.

While we view and consider the record *de novo,* from a careful reading and consideration of such record here made, we conclude that the trial judge made the correct findings.

The proposed use would not interfere with the uses to which surrounding land is now being put. Constructive land use is a virtual impossibility under present conditions, according to uncontradicted expert testimony. Previous attempts to develop the land in accordance with zoning restrictions have failed. Even sale of the land has been unsuccessful. Enforcement of the present restrictions would assure maintenance of the status quo —100 acres of vacant and undeveloped but potentially useful land—while refusal to enforce the restrictions would enable plaintiffs to put their land to use by proceeding with a carefully planned development scheme which the trial judge reasonably found to be consistent with public health, safety, morals and general welfare.

The recent case of *Kropf v Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974), provides the benchmark by which we must assess the proceedings below. A zoning ordinance is presumptively constitutional. *Kropf, supra,* at 162. However, it must meet the test of reasonableness. *Id.,* at 157. The party attacking the ordinance has the burden of proving that the ordinance does not pass constitutional muster. *Id.,* at 156. In the words of the *Kropf* Court:

"[T]o sustain an attack on a zoning ordinance, an aggrieved property owner must show that if the ordinance is enforced the consequent restrictions on his

property preclude its use for any purposes to which it is reasonably adapted." *Kropf, supra,* at 162–163.

The trial judge in the present case concluded that the plaintiffs sustained their burden of proof.[1] He found that the zoning ordinance under attack prevented plaintiffs from using their property for the only purpose to which it was reasonably adapted. His findings are entitled to considerable weight on review. *Kropf, supra,* at 163. There is ample support in the record for those findings and we are unable to conclude, after careful consideration of the record, that we would have arrived at a different result.

We further find the other issues raised by the defendant, namely: (a) the findings of the trial court were against the great weight of the evidence, (b) the court erred as to the extent of relief granted to plaintiffs, (c) that the plaintiffs' failure to follow the statutory procedure for rezoning bars them from attacking the constitutionality of this ordinance in a court of equity, all to be without merit.

Accordingly, we adhere to the mandate of *Kropf v Sterling Heights, supra,* and affirm.

All concurred.

---

[1] The trial judge, purposely avoiding the burden of proof question, found that even if the plaintiffs have the burden of proof—as defendant asserted—that burden had been sustained in the present case.